UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-60-KAC-DCP |
| | ) | |
| MALIK GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Malik George's Unopposed Motion to Continue Trial Date and Reset All Deadlines [Doc. 25], filed on October 2, 2025.

Defendant requests the Court to continue the trial date, set for October 28, 2025, and reset all deadlines in this case [*Id.*]. In support of his motion, Defendant's counsel states that he was recently retained by Defendant and was substituted as counsel on October 2, 2025, the same day the motion to continue was filed [*Id.* ¶ 1]. Defendant's counsel only recently received the discovery provided to predecessor counsel by the Government [*Id.* ¶ 2]. Pending trial, Defendant is detained in Laurel County Correctional Center in London, Kentucky [*Id.* ¶ 3]. Defendant's counsel needs the additional time to review the discovery and confer with Defendant [*Id.* ¶ 4]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 7]. The Government does not oppose the request for a continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on September 12, 2025, Defendant filed a dispositive motion to suppress [Doc. 18]. *See id.* § 3161(h)(1)(D). If pursued by Defendant through new counsel, the Court will need time to hold a hearing on the motion and prepare a report and recommendation; the parties will need time objections and responses; and the District Judge will need time to rule on the motion. *See id.* § 3161(h)(1)(D) & (h)(1)(H). Regardless of whether Defendant pursues the motion filed by prior counsel, new counsel needs time to review discovery, file pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the October 28, 2025 trial date.

The Court therefore **GRANTS** Malik George's Unopposed Motion to Continue Trial and Reset All Deadlines [**Doc. 25**]. The trial of this case is reset to **March 3, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 2, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Malik George's Unopposed Motion to Continue Trial and Reset All Deadlines [**Doc. 25**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 3, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

2

(3) all time between the filing of the motion on **October 2, 2025**, and the new trial date of **March 3, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant shall file a reply brief stating his intention to pursue the suppression motion [Doc. 18] and supplementing that motion on or before **October 23, 2025**. Alternatively, Defendant may move to withdraw the suppression motion**;**

(5) the deadline for filing pretrial motions is extended until **October 23, 2025**. The deadline to respond to the pretrial motions is **November 6, 2025;**

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 3, 2026**;

(7) the deadline for filing motions *in limine* is **February 17, 2026**. Responses to motions *in limine* are due on or before **February 24, 2026**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **February 12, 2026, at 11:30 a.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge