UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-60-KAC-DCP |
| | ) | |
| MALIK GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Malik George's Unopposed Motion to Continue Motion Hearing and Trial and Reset All Deadlines [Doc. 37], filed on January 18, 2026.

Defendant asks the Court to continue the motion hearing, set for January 21, 2026, the plea deadline, set for February 3, 2026, and the current trial date, which is set for March 3, 2026, and extend all other related deadlines [*Id.*]. In support of his motion, Defendant states that he is being detained pretrial in Laurel County Correctional Center in London, Kentucky [*Id.* ¶ 1]. He submits that the Government and his counsel have been involved in plea negotiations but are in need of additional time to work out the details of a plea agreement that would obviate the need for hearings on defense motions and a trial [*Id.* ¶ 2]. Defendant understands that the period of time between the filing of this motion for a continuance and the rescheduled trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 4]. The motion relates that the Government does not oppose a continuance [*Id.* ¶ 3].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to consider a plea agreement, and if that is not fruitful, to litigate the pending pretrial motions and otherwise prepare for trial. The Court finds that all of this cannot occur before the March 3, 2026 trial date.

The Court therefore **GRANTS** Defendant Malik George's Unopposed Motion to Continue Motion Hearing and Trial and Reset All Deadlines [**Doc. 37**]. The trial of this case is reset to **July 14, 2026**. The motion hearing is reset to **March 17, 2026, at 1:30 p.m.** A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on January 18, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Malik George's Unopposed Motion to Continue Motion Hearing and Trial and Reset All Deadlines [**Doc. 37**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 14, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) the motion hearing is rescheduled for **March 17, 2026, at 1:30 p.m.**;

(4) all time between the filing of the motion on **January 18, 2026**, and the new trial date of **July 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 12, 2026**;

(6) the deadline for filing motions *in limine* is **June 29, 2026**, and responses to motions *in limine* or due on or before **July 7, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **June 30, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 2, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge